UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:08-CR-00020-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY MAURICE THOMAS | ) | |
| | ) | |

This matter is before the court on defendant's amended motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the sentencing guidelines pertaining to crack cocaine offenses. (DE # 103.) Pursuant to the court's 3 June 2014 order, (DE # 104), the government filed a response to the motion, (DE # 106). Thereafter, defendant filed a reply. (DE # 107.)

In November 2008, defendant pled guilty to one count of possession with intent to distribute a quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("Count One"); one count of possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("Count Nine"); and two counts of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Counts Two and Ten"). In July 2009, the court sentenced defendant to 77 months imprisonment on each of Counts One and Nine, to run concurrently, 60 months imprisonment on Count Two, to be served consecutively to the terms of imprisonment on the other counts, and 300 months imprisonment on Count Ten, to be served consecutively to the terms of imprisonment on the other counts. Petitioner appealed his convictions. The Court of Appeals for the Fourth Circuit affirmed. United States v. Thomas, No. 09-4645 (4th Cir. Aug. 25, 2010).

Before considering the parties' arguments, the court examines the statute under which defendant seeks relief.

> Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). It also provides that any such reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*
> The applicable policy statement issued by the Sentencing Commission provides that a sentence reduction under § 3582(c)(2) "is not authorized" if the amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Sentencing Guidelines also provide specific instructions for a court when "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted." *Id.* § 1B1.10(b)(1). They instruct that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced[,] . . . substitut[ing] only the amendment[] . . . for the corresponding guideline provision[] that [was] applied" and "leav[ing] all other guideline application decisions unaffected." *Id.*

United States v. Lindsey, 556 F.3d 238, 242-43 (4th Cir. 2009) (alterations in original). "A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding . . . .'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (citation omitted).

In this case, the parties agree that Amendment 750, which lowered base offense levels for certain crack cocaine offenses under U.S.S.G. § 2D1.1 and was made retroactive, lowers defendant's applicable guideline range, and thus, defendant is eligible for a sentence reduction. The issue is the extent to which the applicable guideline range is lowered. Defendant contends that his amended guideline range on Count One is 51-63 months and on Count Nine is 60-63 months, with the range on this count, and this count only, being restricted on the low end by the

2

statutory mandatory minimum. The government contends that the amended guideline range on both counts is 60-63 months.[1]

Resolution of the issue turns on the application of U.S.S.G. § 5G1.2. That guideline provides the court with guidance on sentencing an offender, like defendant, on multiple counts of conviction. At the time of defendant's sentencing in 2008, the relevant subsection of § 5G1.2 provided, "Except as otherwise required by law (see §5G1.1(a), (b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter." U.S.S.G. § 5G1.2(b) (2007). "Total punishment" means "[t]he combined length of the sentences." Id. § 5G1.2, comment. (n.1) (2007). "[T]he sentences imposed on all counts are to be imposed to run concurrently . . . ." Id. If a count's term of imprisonment is specified by statute, which requires the sentence to run consecutively to any other term of imprisonment, the sentence imposed on that count is determined independently of the other counts. Id. § 5G1.2(a) (2007). Title 18, United States Code, Section § 924(c), is an example of such a statute. Id. § 5G1.2, comment. (n.2(A)) (2007).

Effective 1 November 2012, § 5G1.2(b) was amended "to clarify that the court is to determine the total punishment and impose that total punishment on each such count, except to the extent otherwise required by law." U.S.S.G., app. C, amend. 767 (2012). The commentary to the guideline was amended to "clarif[y] that when any count involves a mandatory minimum that restricts the defendant's guideline range, the guideline range is restricted as to all counts." Id.

Defendant's argument that the amended guideline range on Count One is not restricted by

---

[1] The parties agree that defendant's sentences on Counts Two and Ten are not affected by any amendment to the sentencing guidelines.

3

the statutory mandatory minimum on Count Nine is based on the belief that the court did not apply § 5G1.2 when defendant was originally sentenced, and, therefore, the court cannot apply it now. (Reply, DE # 107, at 1.) Defendant also emphasizes that the commentary to § 5G1.2, quoted above and on which the government relies, was not effective until well after defendant's sentencing. (Id.)

To be sure, as defendant points out, the Presentence Report ("PSR") does not reference § 5G1.2. Nonetheless, the court imposed defendant's sentences of imprisonment in accordance with that provision. Pursuant to § 3D1.2, the court grouped Counts One and Nine to arrive at the total offense level of 21. (PSR at 15-16.) With a criminal history category of VI, the court determined that the guideline range on Counts One and Nine was 77-96 months. (Id. at 16; 7/13/09 Tr., DE # 62, at 9.) The court imposed the total punishment on each of those counts, i.e., 77 months, to run concurrently. These sentences are in conformity with § 5G1.2(b). On Counts Two and Ten, the § 924(c) counts, the court imposed sentences of 60 months and 300 months, respectively, each consecutive to the other counts, in accordance with § 5G1.2(a). Although there was no express mention of § 5G1.2 in the PSR (or at sentencing for that matter), the court's application of the guideline at defendant's original sentencing was implicit.

Because the court originally applied § 5G1.2, in accordance with § 1B1.10(b)(1), its application remains in conjunction with this § 3582(c)(2) proceeding. Defendant's amended guideline range on Counts One and Nine is 60-63 months. Defendant's motion is ALLOWED. Defendant's sentences of imprisonment on Counts One and Nine are reduced to 60 months, to run concurrently with each other. Defendant's sentence of imprisonment on Count Two remains 60 months and on Count Ten remains 300 months, each count to run consecutively to the other

4

counts, producing a total term of 420 months imprisonment.

This 16 December 2014.

                                                        W. Earl Britt
                                                        Senior U.S. District Judge