IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CR-00020-BR

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY MAURICE THOMAS | ) | |

This matter is before the court on defendant's *pro se* motions to reduce his sentence under the First Step Act of 2018 ("First Step Act") and for the appointment of counsel. (DE ## 126, 133, 140.)

In 2008, pursuant to a plea agreement, defendant pled guilty to one count of possession with intent to distribute a quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("Count One"); one count of possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("Count Nine"); and two counts of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Counts Two and Ten"). In 2009, the court sentenced defendant to 77 months imprisonment on each of Counts One and Nine, to run concurrently, 60 months imprisonment on Count Two, to be served consecutively to the terms of imprisonment on the other counts, and 300 months imprisonment on Count Ten, to be served consecutively to the terms of imprisonment on the other counts, for a total term of imprisonment of 437 months.

In 2014, on defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) and based on retroactive amendment of the sentencing guidelines pertaining to crack cocaine offenses, the court reduced defendant's sentences of imprisonment on Counts One and Nine to 60 months, to

run concurrently. (DE # 109, at 4.) The court did not alter defendant's sentences of imprisonment on Counts Two and Ten. (Id.) Defendant's total term of imprisonment was therefore reduced to 420 months. (Id. at 4-5.) In December 2016, President Barack Obama commuted defendant's total term of imprisonment to 180 months. (DE # 117, at 2.)

Several months ago, pursuant to Standing Order 19-SO-3, counsel was appointed to represent defendant to determine whether he may qualify for relief pursuant to the First Step Act. With court approval, counsel withdrew from representation. (8/16/19 Text Order.) Now, defendant, proceeding *pro se*, requests that the court reduce his total term of imprisonment to time served (which is approximately 144 months) "and leave his term of supervised release unaltered." (Supp. Mot., DE # 140, at 1.)

Under 18 U.S.C. § 3582(c)(1)(B), a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act is such a statute. See United States v. Hardnett, No. 3:03CR212, 2019 WL 5445887, at *7 (E.D. Va. Oct. 24, 2019) ("§ 3582(c)(1)(B) informs the Court regarding how to modify a sentence pursuant to the First Step Act."). The Act made Sections 2 and 3 of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") retroactive. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Those sections of the Fair Sentencing Act increased the threshold amounts of crack cocaine to trigger mandatory minimum terms of imprisonment for trafficking crack cocaine and eliminated the five-year mandatory minimum term of imprisonment for simple possession of crack cocaine. See Pub. L. No. 111-220, §§ 2, 3, 124 Stat. 2372 (2010). "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [these] sections . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222.

To determine whether defendant is eligible for relief under the First Step Act, the court considers whether his crack cocaine offenses, i.e., Count One and Nine, are "covered offenses." See Hardnett, 2019 WL 5445887, at *8. The First Step Act defines "covered offense" as "a violation of a Federal Criminal statute, the statutory penalties for which were modified by Sections 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Defendant committed both crack cocaine offenses prior to 2010.

At the time defendant committed the offense charged in Count One, possession with intent to distribute a quantity of crack cocaine, the maximum term of imprisonment could not exceed 20 years. (PSR, DE # 114, at 1, 16.) See 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act did not modify that penalty. See Pub. L. No. 111-220, § 2(a), 124 Stat. at 2372. Therefore, defendant is not eligible for relief as to his sentence on Count One.

At the time defendant committed the offense charged in Count Nine, possession with intent to distribute more than five grams of crack cocaine, the minimum term of imprisonment was five years and the maximum term of imprisonment was 40 years. (PSR, DE # 114, at 1, 16.) See 21 U.S.C. § 841(b)(1)(B)(iii) (2006). The Fair Sentencing Act *did* modify the penalty for that offense. See Pub. L. No. 111-220, § 2(a)(2), 124 Stat. at 2372 (raising the threshold amount from five grams to 28 grams). If the Act was in effect at the time defendant committed Count Nine, he would be not be subject to any minimum term of imprisonment and subject to a maximum term of imprisonment of 20 years. Accordingly, defendant is eligible for relief as to his sentence on Count Nine.

Even so, the court, in its discretion, declines to reduce defendant's term of imprisonment.

See Hardnett, 2019 WL 5445887, at *7 ("[T]he First Step Act makes clear that even if a defendant is eligible for a sentence reduction, the decision whether to grant a reduction remains within the district court's discretion." (citing Pub. L. No. 115–391, § 404(a)-(b), 132 Stat. at 5222)). With the President's commutation, defendant's total term of imprisonment has been reduced by nearly 60%. Defendant's current sentence of imprisonment is significantly lower than any sentence of imprisonment the court might impose applying the Fair Sentencing Act and relevant drug quantity amendments to the sentencing guidelines.

Defendant's motions for a sentence reduction are DENIED. To the extent defendant requests the appointment of counsel, that request is DENIED as moot.

This 30 October 2019.

_____
W. Earl Britt
Senior U.S. District Judge